12-15-00002-CR

IN THE TWELFTH COURT OF APPEALS TYLER, TEXAS

REC'D IN COURT OF APPEALS
12th Court of Appeals District
NOV 1 3 2015
TYLER TEXAS
PAM ESTES, CLERK

FILED IN COURT OF APPEALS
12th Court of Appeals District
NOV 1 3 2015
TYLER TEXAS
PAM ESTES, CLERK

Q' ANDREW SHELTON

APPELLANT,

v

THE STATE OF TEXAS

APPELLEE

## APPELLANTS SUPPLEMENTAL RESPONSE BRIEF TO ANDER'S BRIEF.

ON APPEAL FROM THE 114th DISTRICT COURT OF SMITH COUNTY, TEXAS

TRIAL COURT CAUSE NO. 114-0724-14

APPELLANT'S PRO SE RESPONSE
BRIEF, TO ANDERS BRIEF.

Q' ANDREW SHELTON #1811062
BETO UNIT 1391 FM 3328
TENNESSEE COLONY, TX 75880

IDENTITY OF PARTIES AND COUNSEL

ATTORNEY FOR APPELLANT (ANDERS BRIEF) —

AUSTIN REEVE JACKSON

112 EAST LINE, SUITE 310

TYLER, TX 75702

TRIAL COUNSEL —

BRENT RATEKIN

422 S. SPRING AVE.

TYLER, TX 75702

ATTORNEY FOR THE STATE ON APPEAL —

MICHAEL J. WEST

ASSISTANT DISTRICT ATTORNEY, SMITH COUNTY

4TH FLOOR, COURTHOUSE

100 NORTH BROADWAY

TYLER, TX 75702

APPELLANT —

Q' ANDREW SHELTON

BETO UNIT

1391 FM 3328

TENNESSEE COLONY, TX 75880

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL — ii

TABLE OF CONTENTS — iii

INDEX OF AUTHORITIES — iv

STATEMENT OF THE CASE / PROCEDURAL HISTORY — 1

ARGUMENT — 1

GROUND ONE : EVIDENCE WAS INSUFFICIENT TO ESTABLISH "DRUG FREE ZONE" ELEMENT — 1

OFFICER HUTSON'S TESTIMONY, CHIEF BROWN'S TESTIMONY — 2

POINT OF ERROR NO. 2 ABUSE OF DISCRETION — 3

PRESERVATION OF ERROR — 3

GROUND THREE : INEFFECTIVE ASSISTANCE OF COUNSEL — 5

RECORD EVIDENCE OF INEFFECTIVENESS — 6

"AN ATTORNEYS FAILURE TO PRESENT AVAILABLE EXCULPATORY EVIDENCE, IS ORDINARILY — 7
DEFICIENT UNLESS SOME TACTICAL OR OTHER CONSIDERATION JUSTIFIED IT"

CONCLUSION AND PRAYER — 9.

INMATE DECLARATION — 9.

CERTIFICATE OF SERVICE — 9.

CERTIFICATE OF COMPLIANCE — 9.

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT**

- ANDERS V. CALIFORNIA, 386 U.S. 738, 87 S.CT. 1396, 18 L.E.d 2d 493 (1967) .... 1

- BUMPER V NORTH CAROLINA, 391 U.S 543, 88 S.CT. 1788, 20 L.E.D 2D 797 (1968) ... 8

- JACKSON V VIRGINIA, 443 U.S 307, 99 S.CT. 2781 (1979) ... 2

- KIMMELMAN V MORRISON, 477 U.S. 365, 106 S.CT. 2574, 91 L.E.D. 2D 305 (1986) ... 9

- STRICKLAND V. WASHINGTON, 466 U.S. 668, 105 S.CT 1965, 85 L.E.D. 2d 344 (1984) ... 5

**FEDERAL CASES**

- GRIFFIN V WARDEN, 970 F. 2D 1355, 1358 (4TH CIR 1992) (INTERNAL QUOTATION MARKS OMITTED) (COLLECTING CASES); C.F BRECHEEN V REYNOLDS, 41 F.3D 1343, 1368 (10th CIR 1994) ... 7

- MIKOLAJEZYK, 137 F.3D 237, REHEARING AND SUGGESTION FOR REHEARING DENIED 144 F.3D 53 CERT DENIED ... 5

STRICKLER V GREENE, 119 S.CT 1936 (1999) ... 7

**TEXAS COURT OF CRIMINAL APPEALS**

- GANIOUS V STATE, 436 S.W. 2D 137 (TEX. CRIM APP 1969) ... 1

- GOODSPEED V STATE, 187 S.W. 390, 392 (TEX. CRIM APP 2005) ... 7

- HOOPER V STATE, 214 S.W 3d 9, 13 (TEX. CRIM APP 2007) ... 3

- LOPEZ V STATE, 343 S.W. 3d 137, 143 (TEX. CRIM APP 2011) ... 6, 7

- MASSEY V STATE, 933 S.W. 2D 141, 154 (TEX. CRIM APP 1996) ... 5

- WATSON V STATE, 204 S.W. 3D 404, 412-418 (TEX. CRIM APP 2006) ... 3

- WEATHERRED V STATE, 15 S.W. 3D 540, 542 (TEX. CRIM APP 2000) ... 5

iv.

■ TEXAS COURTS OF APPEAL ■

ANDRADE v STATE, 246 S.W. 3D 217, 227 (TEX-APP-HOUSTON [14TH DIST] 2008, PET. REF'D...4

HO v STATE, 171 S.W. 3D 395 295, 301 (TEX-APP-HOUSTON [14TH DIST] 2005, PET REF'D...4

MINIX v GONZALES, 162 S.W. 3D 635, 637 (TEX-APP-HOUSTON [14TH DIST] 2005, NO PET...5

RETZLAFF v TEX. DEPT. OF. CRIM JUSTICE, 94. S.W. 3D 650, 653 (TEX-APP-HOUSTON [14TH] 2002 PET DENIED...9

■ U.S.C.A. CONST AMENDMENTS ■

AMEND 6...5

AMEND IV...8

■ TEXAS RULES OF EVIDENCE ■

401...4

702...5

703...5

■ OTHER CASES ■

REEDY v STATE, 214 S.W. 3d 567...2

TIPPIT v STATE, 41 S.W. 3d 316, 327...2

iv₂

TO: THE HONORABLE JUSTICES OF THE COURT:

COMES NOW, Q'ANDREW SHELTON, APPELLANT AND FILES HIS RESPONSE TO ANDERS BRIEF. ANDERS v CALIFORNIA, 386 U.S. 738, 87 S.CT. 1396, 18 L.Ed. 2d 493 (1967).

**✱I.** \_\_\_\_STATEMENT OF THE CASE\_\_\_ PROCEDURAL HISTORY

Q'ANDREW SHELTON SEEKS TO APPEAL HIS CONVICTION AND SENTENCE FOR THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE IN A DRUG FREE ZONE RENDERED AGAINST HIM IN DECEMBER OF LAST YEAR. (I CR 158). MR. SHELTON WAS INDICTED FOR THIS OFFENSE IN JUNE OF 2014 IN THE 114TH DISTRICT COURT OF SMITH COUNTY, TEXAS. (I CR 1). TO THIS CHARGE HE ENTERED A PLEA OF "NOT GUILTY" AND PROCEEDED TO TRIAL BY JURY. (I CR - 158). ULTIMATELY, THE JURY FOUND HIM GUILTY. (Id). THE TRIAL COURT THEN IMPOSED A (50) YEAR SENTENCE IN TDCJ-ID. SENTENCE WAS PRONOUNCED ON 11 DECEMBER 2014 AND NOTICE OF APPEAL WAS TIMELY FILED. (I CR 158, 168) THE COURT APPOINTED APPELLANT COUNSEL "AUSTIN REEVE JACKSON" WHO FILED A ANDER BRIEF ON MAY 8, 2015.

## II

### ARGUMENT

COUNSEL HAS REVIEWED THE APPELLATE RECORD IN THIS CAUSE AND RELUCTANTLY CONCLUDES THAT AS A MATTER OF PROFESSIONAL JUDGMENT THE RECORD CONTAINS NO REVERSI- BLE ERROR AND NO JURISDICTIONAL DEFECTS ARE PRESENT. WHERE COUNSEL CONCLUDES THAT THERE ARE NO ARGUABLE GROUNDS FOR REVERSAL, HE IS REQUIRED TO PRESENT A PROFESSIONAL EVALUATION OF THE RECORD DEMONSTRATING WHY THERE ARE NO ARGUABLE GROUNDS TO BE ADVANCED. GAINOUS v. STATE, 436 S.W. 2d 137 (TEX. CRIM. APP. 1969. SEE (ANDERS BRIEF AT 2).

GROUND (1) EVIDENCE WAS INSUFFICIENT TO ESTABLISH "DRUG FREE ZONE". (ELEMENT).

A. COUNSEL'S STATEMENT OF FACTS CORRECTLY RECITES THE LEGAL POSTURE OF THE CASE. HOWEVER, ADDITIONAL FACTS GROUNDED IN THE RECORD ARE NECESSARY FOR A FULL CONSIDERATION OF THE CLAIMS PRESENTED.

1

## OFFICER HUTSON'S TESTIMONY.

OFFICER HUTSON, IS A CERTIFIED POLICE OFFICER FOR THE CITY OF TYLER (13 RR 23) PART OF TYLER P.D SWAT TEAM (13 RR 23). HE CAME INTO CONTACT WITH APPELLANT DO TO LOUD MUSIC COMPLAINT (13 RR 31) THE WITNESS TESTIFIED APPELLANTS VEHICLE WAS ILLEGALLY PARKED ON MOCKINGBIRD. (13 RR 35). THE STATE, USED HIS TESTIMONY TO ESTABLISH THE ELEMENT OF THE INDICTMENT OF A DRUG FREE ZONE. THE WITNESS TESTIFIED HE HAS NEVER MEASURED THE DISTANCE BETWEEN THE SCHOOL AND THE RESIDENCE OF THIS CRIME (13 RR 128). AND THAT HE DOES NOT KNOWN IF APPELLANT WAS WITHIN A 1,000 FEET OF A DRUG-FREE ZONE. (13 RR 128).

## CHIEF BROWN'S TESTIMONY

DANNY BROWN IS THE CHIEF COORDINATOR OF EMERGENCY MANAGEMENT FOR TISD AND ALSO THE CHIEF OF POLICE FOR THE TYLER INDEPENDENT SCHOOL DISTRICT. (13 RR 213). ON CROSS EXAMINATION APPELLANT QUESTIONED THE WITNESS ABOUT STATE'S B (A MAP). MR. BROWN TESTIFIED HE CANNOT TESTIFY WITH HIS OWN PERSONAL KNOWLEDGE THAT APPELLANT WAS WITHIN A DRUG FREE ZONE (1,000 FEET). BECAUSE HE NEVER MEASURED IT HIMSELF. (13 RR 217).

B. JACKSON STANDARD :- WHEN A CRIMINAL DEFENDANT CLAIMS THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION, IT MUST BE DETERMINED WHETHER, AFTER CONSIDERING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PROSECUTION, ANY RATIONAL TRIER OF FACT COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT. JACKSON v VIRGINIA, 443 U.S. 307, 99 S. CT. 2781 (1979).

## SUMMARY OF ARGUMENT

WHEN CONDUCTING A LEGAL SUFFICIENCY REVIEW A VITAL FACT MAY NOT BE ESTABLISHED BY STACKING INFERENCE UPON INFERENCE. REED v STATE, 214 S.W. 3d 567; TIPPITT v STATE, 41 S.W. 3d 316. 327. JURIES ARE PERMITTED TO DRAW MULTIPLE REASONABLE INFERENCES AS LONG AS EACH INFERENCE IS SUPPORTED BY THE EVIDENCE PRESENTED AT TRIAL. HOWEVER, JURIES ARE NOT PERMITTED TO COME TO CONCLUSIONS BASED ON MERE SPECULATION OR FACTUALLY UNSUPPORTED INFERENCES OR PERMITED ON PERSONAL PRESUMPTIONS

2

AN INFERENCE IS A CONCLUSION REACHED BY CONSIDERING OTHER FACTS AND DEDUCING A LOGICAL CONSEQUENCE FROM THEM. SPECULATION IS MERE THEORIZING OR GUESSING ABOUT THE POSSIBLE MEANING OF FACTS AND EVIDENCE PRESENTED. A CONCLUSION REACHED BY MERE SPECULATION MAY NOT BE COMPLETELY UNREASONABLE, REASONABLE DOUBT. SEE HOOPER V STATE 214 S.W. 3d 9 13. THE TESTIMONY OF ABOVE IS CLEARY BASED ON SPECULATION IN ADDITION, IT CAN BE ARGUED THE TESTIMONY OF THE WITNESSES ATTEMPTING THE ESTABLISH THE (ELEMENT) DRUG FREE ZONE. CANT BE USED IN A LEGAL SUFFICIENCY ANALYSIS, BECAUSE IT DOES NOT SUPPORT AND, THEREFORE CANNOT BE VIEWED IN A LIGHT FAVORABLE TO THE JURYS VERDICT SEE WATSON V STATE, 204 S.W. 3d 404, 412-418 (TEX. CRIM APP 2006).

2. POINT OF ERROR NO. TWO. ABUSE OF DISCRETION.

A.                                    ARGUMENT

THE STATE ATTEMPTED TO ESTABLISH THE ELEMENT OF DRUG FREE ZONE THROUGH. OFFICER HUTSON, STATE: DO YOU KNOW WERE HOGG MIDDLE SCHOOL IS? A. YES SIR. Q WHERE IS HOGG MIDDLE SCHOOL IN RELATION TO THE ADDRESS WHERE YOU FOUND MR. SHELTON -- A. APPROXIMATELY TWO -- YEAH, ABOUT TWO BLOCKS IN THE NORTHEAST DIRECTION Q. OKAY. DO YOU KNOW ABOUT HOW FAR AWAY IT IS? A. IT'S WITHIN 1,000 FEET OF SCHOOL ZONE. APPELLANT: OBJECTION, YOUR HONOR. PERMISSION TO TAKE THIS WITNESS ON VOIR DIRE? THE COURT: YOU MAY.

B                     PRESERVATION OF ERROR

VOIR-DIRE DEFINED = A PRELIMINARY EXAMINATION TO TEST THE COMPETENCE OF A WITNESS OR EVIDENCE. BLACK LAW DICTIONARY 3RD POCKET EDITION.

A. OFFICER HUTSON, TESTIFIED, HE NEVER MEASURED THE DISTANCE BETWEEN THE SCHOOL AND THIS RESIDENCE. (13 RR 128). APPELLANT Q: DID YOU GO ONTO GOOGLE MAPS AND GOOGLE EARTH AND MEASURE THE DISTANCE BETWEEN THE SCHOOL AND THIS RESIDENCE? A. NO SIR. Q. SO WHENEVER YOU SAY THAT IT'S WITHIN 1,000 WHAT YOU WERE ABOUT TO SAY WAS WITHIN 1,000 FEET, YOU DON'T KNOW FROM YOUR OWN PERSONAL KNOWLEGE, DO YOU? A. NO SIR

3

(13 RR 128). THE WITNESS TESTIFIED AS FOLLOWS:

WITNESS: A. "WE HAVE DESIGNATED MAPS THAT ARE LOCATED FOR ALL OFFICERS THAT ARE INVESTIGATING DRUG-RELATED OFFENSES WITHIN CLOSE PROXIMITY TO SCHOOLS, PARKS, OTHER DESIGNATED DRUG FREE ZONES. THEY HAVE BEEN MEASURED OUT BY CITY OF TYLER OFFICIALS AND DESIGNATED ON THE MAPS AND ARE CIRCLED, SHOWING THE BOUNDARIES OF A DRUG FREE ZONE...."

THE STATE: Q, IN YOUR EXPERIENCE, YOU KNOW THOSE MAPS TO BE ACCURATE? A. YES, SIR, Q. AND THEY INFORM YOU ABOUT WHERE VARIOUS DRUG-FREE ZONES ARE AROUND THE CITY OF TYLER? A. THAT IS CORRECT, SIR. Q. THAT'S HOW YOU KNOW ITS WITHIN 1,000, FEET? A. NO, SIR (13 RR 129)....

THE WITNESS STATED. HE IS ASSUMING THE MAPS ARE CORRECT, AFTER THE QUESTIONING OF BOTH SIDES. APPELLANT, RENEWED THE OBJECTION STATING: AND WE RENEW OUR OBJECTION, YOUR HONOR. HE HAS NO PERSONAL KNOWLEDGE, IF THIS INFORMATION IS CORRECT OR NOT, HE'S JUST ASSUMING IT'S CORRECT. THE COURT: THAT'S OVERRULED.

C.             ARGUMENT II

IT CAN BE ARGUED THE TRIAL COURT SHOULD NOT HAVE ADMITTED THE TESTIMONY BECAUSE IT WAS INCORRECT AND THEREFORE NOT RELEVANT. BASED ON THIS PREMISE THAT THE EVIDENCE WAS FALSE, APPELLANT ASSERTS THE EVIDENCE'S PROBATIVE VALUE WAS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT.

THE STANDARD OF REVIEW

EVIDENCE IS RELEVANT IF IT HAS ANY TENDENCY TO MAKE THE EXISTENCE OF ANY FACT OF CONSEQUENCE TO THE DETERMINATION OF THE ACTION MORE OR LESS PROBABLE THAN IT WOULD BE WITHOUT THE EVIDENCE. TEX. R. EVID. 401; ANDRADE V STATE, 246 S.W. 3d 217, 227 (TEX. APP-HOUSTON [14TH DIST] 2008, PET. REF'D. EVIDENCE DOES NOT NEED TO PROVE OR DISPROVE A PARTICULAR FACT BY ITSELF TO BE RELEVANT. HO V STATE, 171 S.W. 3d 395, 295, 301 (TEX. APP-HOUSTON [14 DIST] 2005, PET. REF'D. INSTEAD, IT IS SUFFICIENT IF THE EVIDENCE PROVIDES A SMALL NUDGE TOWARD PROVING OR DISPROVING SOME FACT OF CONSEQUENCE. ID.

4

A TRIAL COURT'S RELEVANCE RULINGS WILL NOT BE REVERSED ABSENT AN ABUSE OF DISCRETION. MASSEY V STATE, 933 S.W. 2D 141, 154 (TEX. CRIM. APP. 1996).

EVEN THOUGH THE RECORD DOES NOT SPECIFICALLY CITE TO A RELEVANCE OBJECTION IT APPEAR TO BE TREATED AS ONE. EVEN IF NOT. A VOIR DIRE EXAMINATION, TO TEST THE COMPETENCE OF A WITNESS OR EVIDENCE, CAN BE ARGUED ON APPEAL AS A ERROR REGARDING TEX. R. EVID, 702, 703. REGARDLESS THIS OBJECTION PRESERVED SOME "ARGUABLE BASIS". BUT ABSENT A SHOWING, THE TRIAL COURT'S RULING WAS OUTSIDE THE ZONE OF REASONABLE DISAGREEMENT. THE APPELLATE COURT MUST UPHOLD THE TRIAL COURTS RULING. WEATHERRED V STATE, 15 S.W. 3D 540, 542 (TEX. CRIM. APP 2000). THUS, COUNSEL CAN NOT DISPUTE THIS IS NOT ARGUABLE. FOR A CLAIM TO HAVE NO ARGUABLE BASIS IN LAW, IT MUST BE BASED ON INDISPUTABLY MERITLESS LEGAL THEORY OR BE BASED ON WHOLLY INCREDIBLE OR IRRATIONAL FACTUAL ALLEGATION. MINIX V GONZALES, 162 S.W. 3D 635, 637 (TEX APP-HOUSTON [14 DIST] 2005, NO PET.

GROUND NO (3). INEFFECTIVE ASSISTANCE OF COUNSEL

3. COUNSEL'S ANDER'S BRIEF AT V CITES THE RECORD CONTAINS NO CONDUCT THAT WOULD RISE TO THE LEVEL OF RENDERING TRIAL COUNSEL'S ASSISTANCE INEFFECTIVE. (BRIEF AT 11). APPELLANT DISAGREES. APPELLANT INDICATED HE WAS NOT HAPPY WITH HIS TRIAL COUNSEL (XVII RR 20). COURTS OF APPEALS GENERALLY DOES NOT REVIEW CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS THAT HAVE NOT BEEN RAISED BEFORE DISTRICT COURT, BECAUSE THERE HAS BEEN NO OPPORTUNITY TO DEVELOP AND INCLUDE IN RECORD EVIDENCE BEARING ON MERITS OF ALLEGATION. U.S.C.A. CONST AMEND 6. U.S V MIKOLA JCZYK, 137 F.3D 237, REHEARING AND SUGGESTION FOR REHEARING DENIED 144 F.3d 53, CERT. DENIED.

A. STRICKLAND, IN STRICKLAND V WASHINGTON, 466 U.S. 668, 104 S.CT. 2052, 80 L.ed. 2d 674 (1984), THE SUPREME COURT HELD THAT THE DEFENDANT MUST MAKE TWO SHOWINGS IN ORDER TO OBTAIN A REVERSAL FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

5

## 1. DEFICIENT PERFORMACE

FIRST, THE DEFENDANT MUST SHOW THAT COUNSEL MADE ERRORS SO SERIOUS THAT HIS "REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS" AND WAS NOT WITHIN THE RANGE OF COMPETENCE DEMANDED OF ATTORNEYS IN CRIMINAL CASES."

## 2. PREJUDICE

SECOND, THE DEFENDANT MUST SHOW THAT COUNSEL'S INCOMPETENT REPRESENTATION PREJUDICED HIM. THE STANDARD FOR PREJUDICE IS WHETHER "THERE IS A REASONABLE PROBILITY THAT, BUT FOR COUNSELS UNPROFESSIONAL, ERRORS THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT". THE COURT DEFINED A REASONABLE PROBABILITY AS "A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME".

LOPEZ V STATE, 343 S.W. 3d 137, 143 (TEX. CRIM APP. 2011). STATED... IT IS A RARE CASE IN WHICH TRIAL COUNSELS INEFFECTIVENESS IS APPARENT FROM THE RECORD AND AN APPELLATE COURT MAY ADDRESS AND DISPOSE OF THE CLAIM ON DIRECT APPEAL. LOPEZ, 343 S.W. 3d AT 143.

## RECORD EVIDENCE OF INEFFECTIVENESS

(7 RR 4) COUNSEL: THERE'S A MATERIAL WITNESS THAT WE'RE STILL ATTEMPTING TO LOCATE, YOUR HONOR. SHE'S BEEN IN MY OFFICE TWICE. SHE ACTUALLY GAVE A WRITTEN STATEMENT THAT WAS PROVIDED TO THE DA'S OFFICE. (7 RR 4). MOMENTS LATER.......
THE COURT: SO ARE YOU MOVING FOR A CONTINUANCE? COUNSEL: I AM, YOUR, HONOR, BASED ON MS. SHACLEFORD. SHE IS MATERIAL. I THINK THE STATE WOULD AGREE THAT SHE IS MATERIAL TO MY DEFENSE. THE COURT: HAVE YOU TOLD THE STATE ALL ABOUT YOUR CASE? COUNSEL: I PROVIDED THEM WITH EVERYTHING THAT MS. SHACKLEFORD WROTE. THE COURT: ON BEHALF OF THE STATE? STATE: BASED ON THE LETTER THAT, I GUESS, THIS WITNESS PROVIDED MR. RATEKIN AND PROVIDED TO ME, I CAN UNDERSTAND WHY MR. RATEKIN WOULD WANT HER TO TESTIFY. I DON'T BELIEVE I CAN CALL HER AS A WITNESS (7 RR 5, 6).

6

MRS. SHACKLEFORD MADE A WRITTEN AFFIDAVIT, STATING THE DRUGS DID NOT BELONG TO MR. SHELTON / APPELLANT. COUNSEL FAILED TO ADMITT THIS EVIDENCE (THAT COULD HAVE ESTABLISHED APPELLANTS INNOCENCE) INTO EVIDENCE DURING MRS. SHACKLEFORDS TESTIMONY OR ANY TIME DURING THE TRIAL. COUNSEL QUESTIONED MRS SHACKLEFORD REGARDING WHO THE CIGAR BOX BELONGED TO, THE CIRCUMSTANCES SURROUNDING THAT ISSUE (4 RR 11-17). HOWEVER, THERE IS SIMPLY NO SUGGESTION IN THE RECORD THAT THERE WAS ANY REASON NOT TO ADMITT THE STATEMENTS MRS. SHACKLEFORD WROTE (AS DISCUSSED AT (7 RR 4).) INTO EVIDENCE, SO THAT THE FACT FINDERS COULD VIEW THEM AND THE APPELLATE COURT....

AN ATTORNEYS FAILURE TO PRESENT AVAILABLE EXCULPATORY EVIDENCE, IS ORDINARILY DEFICIENT UNLESS SOME COGENT TACTICAL OR OTHER CONSIDERATION JUSTIFIED IT. GRIFFIN v WARDEN, 970 F. 2D 1355, 1358 (4TH CIR 1992) (INTERNAL QUOTATION MARKS OMITTED). (COLLECTING CASES); CF BRECHEEN v REYNOLDS, 41 F.3d 1343, 1368 (10 CIR 1994). THUS, THIS CLAIM HAS A ARGUABLE BASIS AS LONG AS THE RECORD DEMONSTRATES THAT COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AS A MATTER OF LAW, AND THAT NO REASONABLE TRIAL STRATEGY COULD JUSTIFY TRIAL COUNSEL'S ACTS OR "OMISSIONS", REGARDLESS OF HIS OR HER SUBJECTIVE REASONING. LOPEZ, 343 S.W.3D AT 143. AS THE RECORD REFLECTS MRS. SHACKLEFORD WAS MATERIAL TO THE CASE, (DEFENSE). THE JUDGE ASKED COUNSEL: HAVE YOU TOLD THE STATE ALL ABOUT YOUR CASE??? COUNSEL IN RESPONSE STATED: I PROVIDED THE STATE WITH EVERYTHING THAT MS. SHACKLE- FORD WROTE..... (7 RR 4,5,6). BUT FAILS TO INTRODUCE EVIDENCE OF APPELLANTS INNOCENCE TO THE FACT FINDERS. WHEN TRIAL COUNSEL HAS NOT HAD AN OPPORTUNITY TO EXPLAIN HIS OR HER ACTIONS OR INACTIONS, AN APPELLATE COURT CANNOT FIND DEFICIENT PERFORMANCE UNLESS THE CHALLENGED CONDUCT WAS "SO OUTRAGEOUS THAT NO COMPETENT ATTORNEY WOULD HAVE ENGAGED IN IT." GOODSPEED v STATE, 187 S.W.3d 390, 392 (TEX. CRIM APP 2005). AS A RULE OF THUMB. COUNSEL IS INEFFECTIVE WHEN HE FAILS TO USE KNOWN BRADY EVIDENCE. STRICKLER v GREENE 119 S.CT 1936 (1999).

7

COUNSEL WAS INEFFECTIVE FOR NOT SUPPRESSING THE EVIDENCE OR NOT SIMPLY FILING A MOTION TO SUPPRESS THE EVIDENCE OBTAINED AS A RESULT OF MISINFORMED INFORMATION TO MRS. SHACKELFORD BY TYLER P.D AT (13 RR 105) DEFENSE COUNSEL Q. IN ADDITION, WHENEVER YOU'RE TALKING TO MS. SHACKLEFORD ATTEMPTING TO GET THIS CONSENT, DID SHE INITIALLY GIVE CONSENT? HUTSON. A. SHE DID NOT TO ME PERSONALLY. NO, SIR.

OFFICER HUTSON, ADMITTED HE LIED TO MS. SHACKLEFORD TO GET CONSENT TO SEARCH HER HOUSE, ~~HE~~ HE TOLD HER APPELLANT ADMITTED TO HAVING IT IN ORDER TO GET MS. SHACKLE-FORDS CONSENT TO SEARCH HER HOUSE WHERE DRUGS AND GUNS FOUND. (13 RR 105) APPELLANT WAS CHARGED AND CONVICTED OF. THIS ERR CAN BE ARGUED WITH OR WITHOUT OBJECTION, IN THE U.S. CONSTITUTION AMENDMENT IV [1791] "THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRANTS SHALL ISSUE, BUT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION, AND PARTICULARLY DESCRIBING THE PLACE TO BE SEARCHED, AND THE PERSONS OR THINGS TO BE SEIZED".

MRS. SHACKLEFORD TESTIFIED AT (14 RR 17) Q. DO YOU RECALL WHICH OFFICER YOU GAVE THAT CONSENT TO? A. I BELIEVE IT WAS THE OFFICER THAT HAD DETAINED US (ID).

THE RECORD REFLECT THAT WAS OFFICER "HUTSON".

## AUTHORITY I

A FALSE STATEMENT CONCERNING THE POSSESSION OF A WARRANT RENDERS THE CONSENT IN-VOLUNTARY. IN BUMPER V NORTH CAROLINA, 391 U.S 543, 88 S. CT. 1788, 20 L. ED. 2D 797 (1968). THE SUPREME COURT HELD THAT WERE POLICE FALSELY CLAIM THAT THEY HAVE A SEARCH WARRANT AND THE PERSON CONSENTS TO THE SEARCH BECAUSE OF THIS CLAIM, THE EVIDENCE MUST BE SUPPRESSED BECAUSE THE POLICE HAVE ACTIVELY MISINFORMED THE PERSON AS TO HIS SITUATION. A SIMILAR RESULT MUST ALSO OCCUR WHERE THE POLICE RECEIVED CONSENT AFTER INCORRECTLY ASSERTING OR INTIMATING THAT THEY HAVE THE RIGHT TO MAKE A WARRANT LESS SEARCH UNDER THE CIRCUMSTANCES. IN ADDITION COUNSEL HAS BEEN FOUND TO BE

8

INEFFECTIVE FOR FAILING TO FILE A TIMELY SUPPRESSION MOTION BECAUSE HE HAD CONDUCTED NO DISCOVERY, LABORING UNDER THE MISTAKEN NOTION THAT THE STATE WAS REQUIRED TO TURN OVER ALL INCULPATORY EVIDENCE TO THE DEFENSE. SEE KIMMELMAN V MORRISON 477 U.S. 365, 106 S.CT. 2574, 91 L.E.D. 2D 305 (1986).

## CONCLUSION AND PRAYER

APPELLANT HAS MADE A SHOWING THE ABOVE CLAIMS HAVE A ARGUABLE BASIS IN LAW THEREFORE CANNOT BE DISMISSED AS FRIVOLOUS. SEE (RETZLAFF V TEX. DEPT. OF. CRIM JUSTICE, 94 S.W. 3D 650, 653 (TEX-APP-HOUSTON [14TH DIST] 2002 PET. DENIED).

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS THAT THE COURT, APPOINT COUNSEL TO ARGUE THE POTENTIAL CLAIMS RAISED IN THIS RESPONSE.

## INMATE'S DECLARATION

I SWEAR UNDER THE PENALTY OF PERJURY THE INFORMATION IN THIS DOCUMENT IS TRUE.

X _____

Q' ANDREW SHELTON

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THIS BRIEF WAS DELIVERED TO COUNSEL FOR THE STATE BY MAILING IT TO HIM BY FIRST CLASS MAIL.

11/10/15
DATE

X _____
Q' ANDREW SHELTON

## CERTIFICATE OF COMPLIANCE

I CERTIFY THAT THIS DOCUMENT COMPLIES WITH THE REQUIREMENTS OF RULE 9.4 AND CONSISTS OF 2,942 WORDS

X _____
Q' ANDREW SHELTON

9